L. MEYER *v.* ECKLESS & FELLOWS.

Where the answer alleges that another party owns the note sued on, who had warned defendant not to pay any one else, interrogatories propounded by defendant to prove by the Plaintiff's own oath that he was not the *bona fide* holder of the note, and had no interest in it, are relevant to the issue, and the court should order them to be answered.

APPEAL from the District Court of the parish of Union, *Richardson*, J. The following answer was filed by defendants :—[REP.]

The defendants in the above entitled cause, for answer, deny all and singular the allegations in plaintiff's petition contained, and aver that the note sued upon does not belong to the plaintiff, but to the late firm of *Levison, Traylor & Co.*, composed of *Abraham Levison, John Traylor* and *Samuel Traylor*, doing a commercial business in said parish up to about February, 1850, when *Samuel Traylor* died, and the firm was dissolved, and neither of the parties were authorized to transfer its effects or rights; that *John Traylor* was appointed by your honorable court receiver for said firm, who alone could collect for it or pay debts due by it. Respondents aver that the debt for which the note sued on was given was due to said firm, but said *A. Levison* induced them to make the note payable to him, as bearer, and they have been notified by said receiver not to pay them to any person but to him. Respondents are afraid that if they paid to plaintiff, they might be forced to pay again to said receiver.

*Matthews & Henderson* and *Garrett & Ludeling*, for plaintiff.

*McGuire & Ray*, for defendants and appellants:

The general rule is, that a party in possession of a note payable to a bearer may recover upon it, and the maker would be protected by payment to the hold-

er. But there are no general rules without exceptions. Defendants knew the notes were given for a debt they owed the firm: they knew *Levison* had been the managing member of the firm; they knew the firm had been dissolved, and that the court had appointed *John Traylor* receiver for the firm, and he had notified them not to pay this debt to any one but him. 6. An., 114, *Moran* v. *Leblanc*; 8 L. R., 121, *Hudson* v. *Perry*. There never was any consideration for a note from defendants to *Levison*, as they allege, and they deny there was a transfer. To prove these facts, plaintiff was interrogated, and should answer. *Bowen* v. *Viel*, 6 N. S., 565.

<div style="text-align: right; float: right;">
MEYER<br>
*v.*<br>
ECKLESS.
</div>

SPOFFORD, J. The District Judge erred in refusing to order the plaintiff to answer the interrogatories propounded to him by defendants.

They were quite relevant to the defence set up, which, if true, would exonerate them from liability to the plaintiff. See *Questi* v. *Griffe*, 3 L., 307; *Burns* v. *Hayes*, 13 L., 13.

They were propounded to prove by his own oath that he was not a *bona fide* holder of the notes sued on, and that he had no interest in them. The answer alleged that another party really owned the claims, and had warned them not to pay any one else. They had an obvious interest in having this matter judicially investigated before they were condemned to pay, and the court, under its equitable powers, might perhaps have been called upon to cite in the other party to interplead in the case. He afterwards came in voluntarily, and he should be heard. See *Moran* v. *Leblanc*, 6 An., 113.

It is therefore ordered that the judgment of the District Court be reversed, and the cause remanded for a new trial between the plaintiff, the intervenor and the defendants, the costs of this appeal to be borne by the plaintiff and appellee.

Re-hearing refused.